**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CALVIN E. JONES,** | * | |
| **Plaintiff** | * | |
| v. | * | **CIVIL NO. JKB-14-1889** |
| **CERES TERMINAL, INC.,** *et al.*, | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Calvin E. Jones ("Plaintiff") brought this suit against Ceres Terminal Inc. ("Ceres") and the Steamship Trade Association ("STA") for employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and for violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). Now pending before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), asserting that Plaintiff failed to exhaust his claims and failed to state a plausible claim for relief. (ECF No. 4.) The issues have been briefed (ECF Nos. 4, 7, 8), and no hearing is required, Local Rule 105.6. For the reasons explained below, Defendants' motion to dismiss is GRANTED.

**I.    BACKGROUND**[1]

Plaintiff is a dock worker at the Port of Baltimore and a member of International Longshoremen's Association Local 333 ("Local 333"). (ECF No. 4-1 at 2.) STA is a non-profit organization that holds the bargaining rights for a number of port employers, including Ceres.

---

[1] The facts are recited here as alleged by the Plaintiff, this being a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

1

(*Id.* at 1-2.)  Ceres is a stevedoring company at the Port of Baltimore that has an employment agreement with Local 333 through STA (*Id.* at 2), and has apparently employed Plaintiff sporadically from 2007 to 2013, (ECF No. 7 at 1-2).

Plaintiff's complaint is short and difficult to parse.  He first alleges what the Court interprets as employment discrimination in violation of Title VII.  Specifically, Plaintiff claims racial discrimination, and that he is being "discriminated against because of [his] military [sic]. . . , constantly harassed by one of [his] superintendent [sic]. . . , [and] retaliated against because [he] spoke out on a matter . . . ."  (ECF No. 1 at 2.)  Plaintiff also alleges that Defendants have violated USERRA: "I have lost numerous amount [sic] of money because of my seniority being violated.  I've also lost time and opportunity to advance due to my being discriminated against."  (*Id.*)  Plaintiff seeks damages of $3.5 million.  (*Id.* at 3.)  Defendants filed their motion to dismiss on July 17, 2014.  (ECF No. 4.)  Plaintiff responded to the motion on August 4.  (ECF No. 7.)

## II.    LEGAL STANDARD

### a.  Standard for Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim.  *Id.* at 679.  As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

A plaintiff filing *pro se* is held to a "less stringent standard" than is a lawyer, and the court must construe his claims liberally, no matter how "inartfully" pled.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  However, even a *pro se* complaint must meet a minimum threshold of plausibility.  *See, e.g.*, *O'Neil v. Ponzi,* 394 Fed. App'x. 795, 796 (2d Cir. 2010).

### b.  Standard for Dismissal for Failure to Exhaust Administrative Remedies

A plaintiff's failure to exhaust administrative remedies for a Title VII claim deprives federal courts of subject-matter jurisdiction over the claim.  *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).  " 'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.' "  *Id.* at 300 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)).  Stated differently, if the claims made in a judicial complaint are reasonably related to a plaintiff's administrative charge and if they can be expected to follow from a reasonable administrative investigation, then those claims may be included in the subsequent lawsuit.  *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000).

### III. ANALYSIS

Plaintiff's complaint fails to state a plausible claim, even under the Court's less stringent standard for *pro se* pleadings.  Plaintiff relies on conclusory allegations, declaring—without

factual support—that Defendants have unlawfully harassed, retaliated, and discriminated against Plaintiff in violation of Title VII, in addition to violating USERRA. For instance, Plaintiff's Title VII claims fail to specify what unlawful actions took place, who took those actions, and how frequently they occurred. Similarly, the complaint's USERRA claims fail to allege how many hours Plaintiff was credited for his military service and how many hours he *should have* been credited. Without pleading facts that give rise to plausible claims, the Court must dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

Plaintiff may, however, attempt to correct these failings by filing a motion for leave to amend his complaint. Whether to permit the Plaintiff to file an amended complaint is a question that falls within the Court's discretion under Federal Rule of Civil Procedure 15(a). Based on the standard set out in that rule, the Court may or may not permit the complaint to be amended. To survive a motion to dismiss, an amended complaint must include enough detailed facts to give Defendants "fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest[]." *Twombly*, 550 U.S. at 555, 557. Plaintiff's factual allegations in any proposed amended complaint must be organized around and in support of particular, discrete claims. Any amended complaint must separately explain what facts give rise to a claim for unlawful harassment, retaliation, discrimination, and a violation of USERRA.

Even if Plaintiff's claims could satisfy the *Iqbal/Twombly* pleading standard, Plaintiff has also failed to carry his burden of demonstrating that the Court has jurisdiction over his Title VII claims.[2]  Regardless, Plaintiff's entire complaint must be dismissed under Rule 12(b)(6) for

---

[2] Plaintiff must first exhaust administrative remedies under Title VII before he may bring a claim before this federal court. The Court's jurisdiction is then limited to only those claims that are reasonably related to Plaintiff's initial administrative charge (either through the EEOC or the Maryland Commission on Civil Rights). *See Jones*, 551 F.3d at 300. To survive Defendants' 12(b)(1) motion to dismiss for lack of jurisdiction, Plaintiff must at least demonstrate to the Court: (1) that he has brought administrative charges against each individual defendant; (2) that the conduct described in the administrative charges is reasonably related to the judicial complaint before the Court; and (3) that Plaintiff has exhausted available administrative remedies before filing the judicial complaint. *See*

failure to state a claim, and so the Court need not dispositively wade into Rule 12(b)(1) administrative exhaustion questions.

In dismissing this complaint, the Court does not reach the merits of Plaintiff's allegations. Plaintiff's Response to Defendants' motion to dismiss contained many factual allegations that were not included in his complaint. (ECF No. 7.)  These allegations suggest that if Plaintiff's complaint had been more competently prepared, perhaps with the assistance of an attorney, it might have included sufficiently plausible allegations for at least part of it to pass muster under the *Iqbal*/*Twombly* pleading standard.  But, as framed, it falls short.

**CONCLUSION**

Accordingly, an order shall issue GRANTING Defendants' motion to dismiss.  (ECF No. 4.)

DATED this 8th day of October, 2014.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

*Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005).  Plaintiff has failed to do all three.  While Defendants' docketed filings suggest that Plaintiff may have exhausted his Title VII claims against Ceres (ECF No. 4 at 3; ECF No. 8 at 10-12; ECF No. 10, which the Court by accompanying Order directs the Defendants to file and the Clerk to docket), it is Plaintiff's burden to demonstrate this jurisdictional requirement.  Plaintiff should note that any amended complaint would be dismissed if it similarly failed to demonstrate the jurisdiction of the Court.